SUCCESSION OF SURO, PLAINTIFF AND APPELLANT, *v.* SUCCESSION OF PRADO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action for Nullity of Contract, Etc.

No. 2177.—Decided May 6, 1920.

PLEADING—APPEAL—TRANSCRIPT.—During the pendency in the lower court of a motion to strike out the statement of the case because it was not filed in time a motion to dismiss the appeal on the ground that the time within which to file the transcript of the record in the Supreme Court had expired is premature.

ID.—ID.—DILIGENCE—GOOD FAITH.—On motion for dismissal of an appeal under Rule 59 of the Supreme Court it is necessary to prove that the appellant has not prosecuted the appeal with due diligence or in good faith.

ID.—ID.—NOTICE OF APPEAL—PARTY.—On motion for dismissal of an appeal on the ground that the notice of appeal was not duly served on one of the appellees it is necessary to allege and prove that such appellee is a necessary party.

The facts are stated in the opinion.

*Messrs. Rincón & Sarriera* for the appellant.

*Messrs. Alvarez Nava & Domínguez* and *F. Soto Gras* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The succession of Alonso del Río, of the defendant-appellees, have filed a motion in this court for dismissal of the appeal taken on November 21, 1918, by the succession of Juan Suro, the plaintiffs, from the judgment entered on the 22nd of October, 1918, by the District Court of San Juan, Section 1, dismissing the complaint.

The grounds of the motion for dismissal of the appeal are as follows:

1st. That the statement of the case was filed in the lower court on July 1, 1919, after the expiration of the last of several extensions of time and therefore after the expiration of the thirty days allowed by law within which to file the transcript of the record in this court, counting from the date of the filing of the notice of appeal.

2nd. That even assuming that the statement of the case

was filed in time, the plaintiffs have not prosecuted their appeal with due diligence and Rule 59 of this court is applicable.

3rd. That some of the defendants, the unknown heirs of Encarnación Prado and Joaquina Juliá, were not served with notice of the appeal and although the appellants published notices for that purpose, such notices were not published when notice of the appeal was given to the clerk of the court and to the succession of Alonso del Río, nor within the time allowed by law within which to appeal, apart from the fact that the notice to the other defendants did not comply with the requirements of section 320 of the Code of Civil Procedure.

As the succession of Alonso del Río exhibited with their motion a.certificate of the clerk of the District Court of San Juan showing, among other things, that the statement of the case had not been approved because there was pending a motion of the said succession to strike out the statement of the case for the reason that it was not presented in time, we refrain from passing on the first ground of the motion in the belief that it will be for the best interests of justice that the party wait until the court rules on the motion to strike out, thus giving us a basis for considering whether or not the time for filing the record in this court has expired.

Regarding the second ground of the motion, we have absolutely nothing before us to show the reasons that may have existed for granting the extensions of time, or any fact proving satisfactorily that the appellant has not prosecuted his appeal with due diligence and in good faith; therefore Rule 59 of this court can not be applied.

With regard to the third ground of the motion, we would make no progress by deciding whether or not the notices referred to by the mover were published in due time and in the proper manner, for the reason that there is no allegation in the motion and no argument has been made as to

whether or not the persons so summoned are necessary parties to the action. And we are not convinced that they are, considering the fact that the principal purpose of the complaint in the action is to recover from the succession of Alonso del Río in ejectment the two real properties described in the said complaint and the sum of $132,600 for the profits produced during the detention of the said properties for twenty-six years. It seems that the merits of the case are more or less involved in the third ground of the motion.

The motion is overruled, without prejudice to consider again its last ground with a better knowledge of the facts at the hearing on the appeal.

*Motion overruled.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.